UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TRAVIS FLETCHER,

                    Plaintiff,                      Case No. 1:19-cv-980

v.                                          Honorable Robert J. Jonker

VICTOR A. FITZ et al.,

                    Defendants.
_____/

**OPINION**

        This is a civil rights action brought by an inmate of the Cass County Jail under 42 U.S.C. § 1983.  Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).   The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.**      **Factual allegations**

        Plaintiff is presently incarcerated at the Cass County Jail.  Plaintiff sues Cass County Prosecutor Victor A. Fitz and Assistant Prosecutor Tiffiny Vohwinkle.

Plaintiff alleges that he was arrested and detained in the Cass County Jail on the charge of possession methamphetamine.  At the time of his arrest, Plaintiff apparently was on parole from a 2016 conviction for breaking and entering a building with intent, Mich. Comp. Laws § 750.110, for which he was sentenced to a prison term of 1 year, 9 months to 15 years.  On December 4, 2018, following a jury trial on the methamphetamine conviction, Plaintiff was acquitted on all counts.  At the time of his acquittal, he had been held in the Cass County Jail for 10 months.[1]

Plaintiff believes that he was "lost in the system."  (Am. Compl., ECF No. 6, PageID.25.)  He complains that his prosecution and jailing caused him severe mental anguish, heightened by the failure even to offer him a plea bargain.  Plaintiff asserts that he never possessed any illegal substance and that the wrongful prosecution and incarceration cost him his parole and all he had gained when he served his minimum term on the breaking-and-entering charge.

Plaintiff seeks $1.5 million in damages.  He also seeks to be discharged from parole and to have his current charges dropped.

## II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough

---

[1] Plaintiff remains jailed in the Cass County Jail.  Plaintiff's allegations are not clear, but he appears to suggest that he is jailed on other charges and detained for violating his parole.

2

facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.     Prosecutorial Immunity

To the extent that Plaintiff seeks monetary relief, Defendants are entitled to absolute immunity for their actions in prosecuting the criminal action against Plaintiff.  The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity.  *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Forrester v. White*, 484 U.S. 219, 229 (1988); *accord Koubriti v. Convertino*, 593 F.3d 459, 467

(6th Cir. 2010); *Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998).  Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989).  The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497.  Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity, in contrast to investigatory or administrative functions that are normally performed by a detective or police officer.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137.  In the Sixth Circuit, the focus of the inquiry is how closely related the prosecutor's conduct is to his role as an advocate intimately associated with the judicial phase of the criminal process.  *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997).

Obviously, charging Plaintiff with the offense of possessing methamphetamine and possibly making arguments to deny Plaintiff bail are part of the prosecutor's role as an advocate. Plaintiff alleges no facts suggesting that Defendants were involved in the investigatory aspects of Plaintiff's methamphetamine case.   Under these circumstances, Defendant Cass County Prosecutors Fitz and Vohwinkle are entitled to absolute immunity from damages.

Further, to the extent that Plaintiff seeks injunctive relief in the form of having any outstanding charges dropped and his parole discharged, he is not entitled to relief in this civil rights action.  A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to

secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint seeks injunctive relief from the fact or duration of his incarceration, it must be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g). In addition, Defendants would not be the proper parties to grant relief with respect to Plaintiff's detention. *See* Rule 2(a), Rules Governing Section 2254 Cases (indicating that the proper respondent in a challenge to state custody is the state officer who has custody).

For these reasons, Plaintiff's complaint against Defendants Fitz and Vohwinkle will be dismissed for failure to state a claim.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.

Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   January 31, 2020          /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE